Michael E. Israel, Esq. (SBN 263946)
DEMIDCHIK LAW FIRM PC
17800 Castleton St., Suite 605
City of Industry, CA 91748
TEL 626-317-0033
FAX 212-810-7257
michael.israel.esq@gmail.com

*Attorneys for Defendant*:
KEMING WANG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOXIA DING, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KEMING WANG, an individual,<br><br>Defendant. | Case No. 5:24-CV-02398-KK (SPx)<br><br>**DEFENDANT KEMING WANG'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**<br><br>**Judge: Hon. Kenly Kiya Kato**<br>**Date: January 9, 2025**<br>**Time: 9:30 a.m.** |

# <u>TABLE OF CONTENTS</u>

**NOTICE OF MOTION AND MOTION**................................................................**5**

**MEMORANDUM OF POINTS AND AUTHORITIES** ..........................................**6**

**I.      INTRODUCTION**...............................................................................**6**

**II.     SUMMARY OF ALLEGATIONS** ....................................................**6**

**III.    LEGAL AUTHORITY** .......................................................................**7**

A.    Dismissal Under Rule 12(b)(6) for Lack of Standing................................8

B.    Dismissal Under Rule 12(b)(6) for Failure to State a Claim ....................8

C.    Dismissal Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.................9

**IV.    ARGUMENT** ....................................................................................**10**

A.    Plaintiff Lacks Standing to Assert Claims Against Defendant .............. 10

B.    Plaintiff Does Not State a Claim Against Defendant Under the Torture Victim
Protection Act ..........................................................................................11

C.    Plaintiff Cannot State a Claim Against Defendant Under the Alien Tort Statute... 12

D.    The Complaint Should Be Dismissed With Prejudice ............................ 14

**V.     CONCLUSION**................................................................................**14**

# TABLE OF AUTHORITIES

## Cases

*Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1246 (11th Cir.2005) .. 12

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) ........................................ 9

*B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ..................... 8

*Balintulo v. Daimler AG*, 727 F.3d 174, 191 (2d Cir. 2013)............................... 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555-56 (2007) ........................... 9

*Bird v. Lewis & Clark College*, 303 F.3d 1015, 1019 (9th Cir.2002) ....................... 8, 11

*Bowoto v. Chevron Corp.,* N.D.Cal.2008, 557 F.Supp.2d 1080 ............................. 14

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) ...... 9

*Jara v. Núñez* (11th Cir. 2018) 878 F3d 1268, 1273 .................................... 10

*Jones v. Vail* 2012 WL 1988291 at *2 (S.D. Cal. Jun. 1, 2012) ........................ 9

*Kadic v. Karadzic,* 70 F.3d 232, 246 (2d Cir. 1995). ................................. 11, 12

*Kelly v. Wengler* (9th Cir. 2016) 822 F3d 1085, 1094 .................................. 10

*Kiobel v. Royal Dutch Petroleum Co.* (2013) 569 US 108, 120-125, 133 S.Ct. 1659,
  1667-1669 .......................................................................... 10, 13

*Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 US 375, 377, 114 S.Ct. 1673,
  1675 .............................................................................. 10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 (1992)........................ 8

*Mastafa v. Chevron Corp.,* 770 F.3d 170, 179–80 (2d Cir.2014) ...................... 12

*Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 945–46 (C.D. Cal. 2005) ........ 8

*Mujica v. AirScan Inc.,* (9th Cir. 2014) 771 F.3d 580, 594........................ 10, 13

*Naruto v. Slater*, 888 F.3d 418, 425 n. 7 (9th Cir. 2018) ........................ 8

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)............ 8

*Sosa v. Alvarez-Machain,* 542 U.S. 692, 713 ........................................ 12

*Sprewell*, 266 F.3d at 988 .......................................................... 9

*Weisbuch v. County of Los Angeles* 119 F.3d 778, 783, fn. 1 (9th Cir. 1997) ............ 9

**Statutes**

28 U.S.C. § 1350 ................................................................................................... 11

28 U.S.C. § 1919 ................................................................................................... 14

28 USC § 1330 ...................................................................................................... 10

28 USC § 1331 ...................................................................................................... 10

FRCP 12(b)(1) ......................................................................................................... 6

FRCP 12(b)(6) ..................................................................................................... 6, 8

## <u>NOTICE OF MOTION AND MOTION</u>

TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 9, 2025 at 9:30 a.m. or as soon thereafter as the matter may be heard in the above-captioned courtroom located at 3470 Twelfth Street, 3rd Floor, Courtroom 3, Riverside, California 92501, Defendant KEMING WANG, (referred to herein as "Dr. Wang" or "Defendant") will move for an Order to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that the Court lacks subject matter jurisdiction for the claims, that Plaintiff lacks standing, and that the causes of action stated in the Complaint fail to state a claim as described in the points and authorities below.

Defendant's counsel is aware of Local Rule 7-3 and Chambers Rule IV.2 and attempted to meet and confer with Plaintiff, who is in *pro per*, under these rules regarding this motion on November 25, 2024. Defendant's counsel emailed Plaintiff directly to the email address listed on the Summons and described the nature of this motion and requested to confer over the phone on the issues herein. Defendant's counsel further cited the Local and Chambers Rules requiring such a conference, and stated that if no response was received, it would be assumed that Plaintiff is unwilling to confer on these issues. No response was received, thus necessitating this Motion.

DATED:     December 2, 2024          DEMIDCHIK LAW FIRM PC

By: /s/ Michael E. Israel

Michael E. Israel, Esq. (SBN 263946)
Attorneys for Defendant KEMING WANG

---

**DEFENDANT'S RULE 12 MOTION TO DISMISS - 5**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff XIAOXIA DING ("Ding" or "Plaintiff"), appearing in *pro per* submitted a form Complaint (Dkt. 1) naming KEMING WANG ("Dr. Wang" or "Defendant") that does not state any particular cause of action against him, but seeks $150,000 in punitive damages.

The Complaint is subject to dismissal under Federal Rule of Civil Procedure ("FRCP") 12(b) subsections (1) and (6) because *inter alia*, the Court lacks subject matter jurisdiction to hear claims arising entirely from alleged acts occurring in China; the facts alleged in the Complaint do not support any specific cause of action; the facts alleged in the Complaint are insufficient to state a claim against Defendant under the Torture Victim Protection Act; no other causes of action are alleged; the acts alleged occurred nearly two decades ago and are barred by the applicable statute of limitations; and that Plaintiff lacks standing.

This Court should dismiss all causes of action pursuant to FRCP 12(b)(1) and/or 12(b)(6).

## II.    SUMMARY OF ALLEGATIONS

Without admitting the truth or sufficiency thereof, the allegations in the Complaint are summarized as follows:

The Complaint alleges that Defendant Dr. Wang "formerly served as the Director of the Department of Urology" at a hospital in Tianjin, China and specialized in kidney transplants.  (Complaint, Section III.).  The hospital conducted 47 kidney transplants between October 2004 and October 2006.  *Id.*  The Complaint then alleges that "As the Director of the Department of Urology…[Defendant] is highly suspected of being involved in the forced organ harvesting crimes against Falun Gong practitioners."  *Id.*

The Complaint cites to Appendix 1, which is attached thereto.  Appendix 1 does not specifically say as much, but it is ostensibly an unverified statement written in the first person by Plaintiff.  Appendix 1 generally alleges that in July 1999, the Chinese government began persecuting Falun Gong practitioners, which included "the forced organ

harvesting of Falun Gong practitioners." (Complaint, Appendix 1, paragraph 1). Appendix 1 then asserts the same allegations described above. Appendix 1 alleges that the speaker, implicitly the Plaintiff, was abducted four times, sent to brainwashing centers twice, sentenced to serve forced labor, and sentenced to seven years in prison. (Complaint, Appendix 1, paragraph 3). None of these allegations are alleged to relate to or have been caused by Defendant in any way, shape, or form. *Id.* Plaintiff then alleges that "the defendant, [Dr. Wang], did not directly persecute me". *Id.*

Finally, Plaintiff alleges that "as a part of the state apparatus, [Dr. Wang] cannot escape responsibility." *Id.*

The Complaint requests an award of "$150,000 in punitive damages and to hold the defendant criminally responsible for human rights violations" because of "the Chinese government's ongoing persecution of Falun Gong and defendant's participation in the persecution of Falun Gong". (Complaint, Section IV.). Apparently in support of this request for punitive damages, Plaintiff cites to Appendix 2, attached to the Complaint.

Appendix 2 is not described or identified in the Complaint. It describes Wang Keming as having served as the "deputy director of the Dialysis Transplant Center" in the year 2000 and the director of the Urology Department in 2003. (Appendix 2, paragraphs 1, 2). It is difficult to discern the content of Appendix 2, but it appears to be extrapolating a connection between an increased number of kidney transplants at a new hospital (which one would logically expect to occur in the years after a hospital opens) and the comparatively low number of executed prisoners (which the article apparently assumes could be the sole source of organ donors other) to imply that the hospital must have been "organ harvesting" kidneys from Falun Gong practitioners. (*See* Appendix 2, generally).

The Complaint alleges that this Court has jurisdiction under the Torture Victims Protection Act, the Alien Tort Statute, and the First Amendment. The Complaint pleads no further allegations specific to Defendant, and makes no attempt to plead factual elements to support a claim that Defendant is liable under any cause of action.

## III.    LEGAL AUTHORITY

### A.    Dismissal Under Rule 12(b)(6) for Lack of Standing

"Federal courts are required to examine sua sponte jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). "Though lack of statutory standing requires dismissal for failure to state a claim, lack of Article III standing requires dismissal for lack of subject matter jurisdiction under [FRCP] 12(b)(1)." *Naruto v. Slater*, 888 F.3d 418, 425 n. 7 (9th Cir. 2018).

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 945–46 (C.D. Cal. 2005) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 (1983). Therefore, a plaintiff bringing suit "must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution" of significant issues. *Id.* (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

The concept of standing embodies this limitation on the power of federal courts to adjudicate cases. The "irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 (1992). In addition to the injury being traceable to the challenged action of the defendant (causation), and the injury capable of being redressed by a favorable decision (redressability), the plaintiff must have suffered an injury in fact. *Bird v. Lewis & Clark College*, 303 F.3d 1015, 1019 (9th Cir.2002) (citing *Cantrell v. City of Long Beach*, 241 F.3d 674, 679 (9th Cir.2001)).

### B.    Dismissal Under Rule 12(b)(6) for Failure to State a Claim

Under FRCP 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is to "enable defendants to challenge the legal sufficiency of claims asserted in a complaint." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court may properly dismiss a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts to support a

cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

To survive a motion to dismiss, a plaintiff "must plead sufficient factual allegations to show it is plausibly entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555-56 (2007). Unless the plaintiff has pleaded "enough facts to state a claim for relief that is plausible on its face" and thereby "nudged its claims…across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570. A claim has factual plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). But "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" will not suffice. *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555).

While well-pleaded allegations of a complaint are generally accepted as true, the court must not accept as true "allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences." *Jones v. Vail* 2012 WL 1988291 at *2 (S.D. Cal. Jun. 1, 2012) (citing *Sprewell v. Golden State Warriors* 266 F.3d 979, 998 (9th Cir. 2001)).

Nor should the Court accept allegations or draw inferences that "contradict matters properly subject to judicial notice or by exhibit." *Sprewell*, 266 F.3d at 988. When such a contradiction exists, the exhibit or noticed matter trumps the allegations. *Id.* at 988.

A Rule 12(b)(6) motion to dismiss for failure to state a claim should be granted "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles* 119 F.3d 778, 783, fn. 1 (9th Cir. 1997).

### C.    *Dismissal Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction*

Under FRCP 12(b)(1), a complaint may be dismissed for lack of subject-matter jurisdiction. Federal courts are courts of limited jurisdiction. Unlike state courts, they have neither "inherent" nor "general" subject matter jurisdiction. They can adjudicate only those

cases that the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or to which the U.S. is a party. *Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 US 375, 377, 114 S.Ct. 1673, 1675; *Kelly v. Wengler* (9th Cir. 2016) 822 F3d 1085, 1094. It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing otherwise rests on the party seeking to assert jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America, supra*, 511 US at 377, 114 S.Ct. at 1675.

The principal federal jurisdiction statutes are contained in 28 USC § 1330 et seq. Section 1331 confers general "federal question" jurisdiction, at issue in this Complaint. Generally, and specific to both the Torture Victim Protection Act and Alien Tort Statute, federal courts do not have jurisdiction over acts occurring outside of the United States, or "extraterritorial" claims, except where such claims "touch and concern" the territory of the United States "with sufficient force" to displace the presumption against extraterritorial jurisdiction. *Kiobel v. Royal Dutch Petroleum Co.* (2013) 569 US 108, 120-125, 133 S.Ct. 1659, 1667-1669; *Mujica v. AirScan Inc.* (9th Cir. 2014) 771 F3d 580, 591. To overcome the presumption against extraterritoriality, enough relevant conduct must occur within the United States. *Jara v. Núñez* (11th Cir. 2018) 878 F3d 1268, 1273.

## IV. ARGUMENT

### A. *Plaintiff Lacks Standing to Assert Claims Against Defendant*

Plaintiff lacks standing to assert claims against Defendant and therefore the Complaint must be dismissed under Rule 12(b)(6). Plaintiff's Complaint fails to allege an injury-in-fact that was caused by the Defendant. Instead, the Complaint generally alleges that Defendant "is highly suspected of being involved in the forced organ harvesting crimes against Falun Gong practitioners". (Complaint, Sec. III.). Plaintiff does not allege that any of her organs were harvested. Plaintiff does not allege that Dr. Wang harmed her specifically in any way.

Instead, Plaintiff alleges generally that the Chinese government abducted her and sentenced her to prison. (Complaint, Appendix 1, paragraph 3). Plaintiff specifically

alleges that Dr. Wang "did not directly persecute me". *Id.*  Defendant is not alleged to have been connected to these incidents in any factual way or to have proximately caused them whatsoever.

Plaintiff's generalized allegation that Dr. Wang is liable merely because he "the persecution of Falun Gong is a state-sanctioned crime, and as a part of the state apparatus, [Dr. Wang] cannot escape responsibility" (*Id.*) is insufficient to satisfy Plaintiff's burden to allege an injury-in-fact caused by Defendant.  *Bird v. Lewis & Clark College*, 303 F.3d 1015, 1019 (9th Cir.2002) (citing *Cantrell v. City of Long Beach*, 241 F.3d 674, 679 (9th Cir.2001)).

Setting aside the other fatal insufficiencies with the allegations, the Plaintiff's failure to demonstrate standing merits dismissal on its own under FRCP 12(b)(6).

### B.    *Plaintiff Does Not State a Claim Against Defendant Under the Torture Victim Protection Act*

Plaintiff has not alleged sufficient facts to state a claim against Defendant under the Torture Victim Protection Act ("TVPA").

Section 2 of the TVPA provides the following cause of action:

(a) An individual who, under actual or apparent authority, or color of law, of any foreign nation-

(1) subjects an individual to torture shall, in a civil action, be liable for damages to that individual; or

(2) subjects an individual to extrajudicial killing shall, in a civil action, be liable for damages to the individual's legal representative, or to any person who may be a claimant in an action for wrongful death.

28 U.S.C. § 1350, note §2(a).

"Though the Torture Victim [Protection] Act creates a cause of action for official torture, this statute, unlike the Alien Tort Act, is not itself a jurisdictional statute." *Kadic v. Karadzic ("Kadic"),* 70 F.3d 232, 246 (2d Cir. 1995). Thus, plaintiffs must derive jurisdiction from another source. The Second Circuit found in *Kadic* that the TVPA

---

**DEFENDANT'S RULE 12 MOTION TO DISMISS - 11**

"permits [plaintiffs] to pursue their claims of official torture under the jurisdiction conferred by the Alien Tort Act and also under the general federal question jurisdiction of [28 U.S.C.] section 1331." *Id.*

Plaintiff's Complaint fails to allege sufficient facts as to Defendant to state a claim under the Torture Victim Protection Act.  Defendant is not alleged to have done anything that proximately caused any injury specific to Plaintiff.  Defendant is not alleged to have subjected Plaintiff to torture.  Plaintiff alleged that the Chinese government, but not Defendant, took a series of horrible acts against her. (Complaint, Appendix 1).  Defendant is not sufficiently alleged to have done anything whatsoever other than to serve as a director of a hospital that performed kidney transplants.  No facts are alleged that Defendant played any part in the alleged acts by the Chinese government.  In fact, Plaintiff even specifically alleges that Defendant "did not directly persecute me".  *Id.*  The Complaint's allegation that Defendant "is highly suspected of being involved in the forced organ harvesting crimes against Falun Gong practitioners", is insufficient as a matter to hold Defendant liable for torturing Plaintiff.

### C.     *Plaintiff Cannot State a Claim Against Defendant Under the Alien Tort Statute*

 The Alien Tort Statute ("ATS") is a "strictly jurisdictional" statute.  28 U.S. § 1350; *Sosa v. Alvarez-Machain,* 542 U.S. 692, 713.  It does not provide an independent cause of action.  *Id.* at 724.  The ATS will not confer jurisdiction on federal courts unless the requirements set forth in the statute are met: the plaintiff must be "(1) an alien, (2) suing for a tort, which was (3) committed in violation of international law." *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1246 (11th Cir.2005) (per curiam). However, the explicit statutory requirements are not the only requirements for jurisdiction. Some of the numerous additional jurisdictional predicates include, for example, whether liability on the part of the defendant and the plaintiffs' theory therefor are cognizable. See *Mastafa v. Chevron Corp.,* 770 F.3d 170, 179–80 (2d Cir.2014).

Here, the prerequisites are not satisfied.  As to the first prerequisite, Plaintiff has not alleged she is an alien, but rather a resident of El Monte, Los Angeles County. (Complaint,

---

**DEFENDANT'S RULE 12 MOTION TO DISMISS - 12**

Sec. I.A., see also Dkt. 1-1 wherein Plaintiff states she is a resident of Los Angeles County). As to the second prerequisite, no particular tort has been alleged, and in any even there is no allegation that Defendant proximately caused an injury to Plaintiff such that Defendant could be held liable in tort.   (Complaint, Sec. III, Appendix 1).   Finally, there is no allegation that Defendant actually violated any international law, merely a claim that Defendant is "highly suspected of being involved".  *Id.*  There are insufficient facts alleged to satisfy the elements of a tort claim against Defendant.  Because Plaintiff cannot satisfy the basic prerequisites for jurisdiction under the ATS, the claim should be dismissed.

Further, a plaintiff cannot invoke the ATS "for violations of the law of nations occurring outside the United States." *Kiobel v. Royal Dutch Petroleum Co.,* 569 U.S. 108, 124 (2013).   In *Kiobel*, the United States Supreme Court considered "whether and under what circumstances courts may recognize a cause of action under the [ATS], for violations of the law of nations occurring within the territory of a sovereign other than the United States." 569 U.S. at 113, 133 S.Ct. at 1662.  In a majority opinion authored by Chief Justice John Roberts, the Court found that the presumption against extraterritoriality applies to claims under the ATS, to "constrain courts considering causes of action that may be brought under the ATS." *Id.* at 1664.  Applying the presumption to the claim before it, wherein foreign plaintiffs sought to hold foreign defendants liable under the ATS for exclusively foreign conduct, the Court held that, "[o]n these facts," where "all the relevant conduct took place outside the United States" the presumption precluded jurisdiction. *Id.* at 1662–64, 1669.

Here, just like in *Kiobel*, all of the relevant conduct took place outside of the United States.  The Complaint does not have a single allegation of alleged conduct by Defendant, or anyone else for that matter, that took place anywhere besides China.  The Ninth Circuit has held that speculation as to some level of domestic conduct is insufficient to confer jurisdiction, and that a defendant's mere citizenship of the United States is insufficient to displace the presumpotion.  *Mujica v. AirScan Inc.,* 771 F.3d 580, 594 (9th Cir. 2014).  As the Second Circuit has explained, "[I]f all the relevant conduct occurred abroad, that is

simply the end of the matter under *Kiobel*." *Balintulo v. Daimler AG*, 727 F.3d 174, 191 (2d Cir. 2013). Because no relevant conduct (or any conduct) is alleged to have occurred in the United States, this Court must dismiss the Complaint.

Finally, the Court must dismiss the Complaint under Rule 12(b)(6) because it precluded by the statute of limitations. Claims under the ATS are subject to 10-year statute of limitations provided in Torture Victim Protection Act (TVPA). *Bowoto v. Chevron Corp.,* N.D.Cal.2008, 557 F.Supp.2d 1080, affirmed 621 F.3d 1116, certiorari denied 132 S.Ct. 1968, 566 U.S. 961, 182 L.Ed.2d 818. Plaintiff alleges that Defendant's alleged involvement spanned from October, 2004 to October, 2006. (Complaint, Section III.). No other acts or omissions are alleged as to Defendant that fall within the ten years preceding Plaintiff's Complaint which was filed on November 12, 2024. (Dkt. 1).

### D.    The Complaint Should Be Dismissed With Prejudice

The deficiencies in the Complaint are so glaring that it is not plausible that Plaintiff could amend to plead facts to cure them. The Defendant's "involvement", such that it could even be considered involvement, it alleged to have occurred nearly 20 years ago. No acts whatsoever are alleged to have occurred in the United States or impacted the United States whatsoever. Plaintiff has not pleaded a cognizable injury to herself that was alleged to have been proximately caused by Defendant. This Court should dismiss the claim in its entirety with prejudice.

## V.    CONCLUSION

This Court should dismiss the Complaint first under the grounds that it fails to state a claim under FRCP 12(b)(6), and alternatively on the grounds that it lacks subject matter jurisdiction under FRCP 12(b)(1) with costs awarded pursuant to 28 U.S.C. § 1919. Because the allegations cannot plausibly be cured by amendment, this Court should dismiss the Complaint with prejudice.

DATED:    December 2, 2024            DEMIDCHIK LAW FIRM PC
                                       By: /s/ Michael E. Israel
                                       Michael E. Israel, Esq. (SBN 263946)
                                       Attorneys for Defendant KEMING WANG

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2**

The undersigned, counsel of record for Defendant, certifies that this brief contains 3,359 words according to the word count feature of Microsoft Word, which complies with the word limit of Local Rule 11-6.1.

Date:  December 2, 2024        By: /s/ Michael E. Israel_____

1   Michael E. Israel, Esq. (SBN 263946)
    DEMIDCHIK LAW FIRM PC
2   17800 Castleton St., Suite 605
    City of Industry, CA 91748
3   TEL 626-317-0033
    FAX 212-810-7257
4   michael.israel.esq@gmail.com

5   *Specially Appearing as*
    Attorneys for Defendants:
6   PA PING HSU, (aka "Diana Hsu");
    LIANG PAN (aka "Herbert Pan");
7   CHIANG CHIAYUN, YICHONG HSU;
    and CHENGMEI LEE

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10  XIAOXIA DING, an individual,          Case No. 5:24-CV-02396-KK (SPx)

11                                        **CERTIFICATE OF SERVICE**
            Plaintiff,
12                                        **Judge:  Hon. Kenly Kiya Kato**

13          vs.

14
    KEMING WANG, an individual,
15

16          Defendant.

17

18

19

20

21

22

23

24

25

26

27

28
    _____
              **DEFENDANT'S RULE 12 MOTION TO DISMISS - 16**

I, Michael E. Israel, declare as follows:

I am over the age of eighteen and not a party to this action. I am employed in the County of Los Angeles, California. My business address is 17800 Castleton St., Suite 605, City of Industry, CA 91748. My email address is: michael.israel.esq@gmail.com .

On December 2, 2024, I served all interested parties the following documents:

1.    DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) and 12(b)(6); and

2.    [PROPOSED] ORDER

[ X ] By Electronic Service: On the date stated, I served the above-referenced documents via CM/ECF on the designated recipients below through electronic transmission of said documents; a certified receipt is issued to the filing party acknowledging receipt by CM/ECF's system.

The following are those who were served pursuant thereto:

Xiaoxia Ding
10423 Bodger St.
El Monte, CA 91733
Email: selinawhiteusa@gmail.com

Executed this the 2nd day of December 2024, at Irvine, California.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

/s/ Michael E. Israel
_____
Michael E. Israel, Esq.